14 MAG      1632

Approved: _____
TATIANA R. MARTINS/RICHARD A. COOPER
Assistant United States Attorneys

Before:    THE HONORABLE JAMES C. FRANCIS IV
United States Magistrate Judge
Southern District of New York

ORIGINAL

FILED
U.S. DISTRICT COURT
JUL 25 2014
S.D. OF N.Y.

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :   COMPLAINT       DOC # 1

        - v. -                        :   Violation of
                                          21 U.S.C. § 846.
ABRAHAM PINA-URENA,                   :
JUAN LEBRON-LUCIANO, and                  COUNTY OF OFFENSE:
JUAN QUINTERO,                        :   NEW YORK

                Defendants.           :

- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

     JOLA LECH, being duly sworn, deposes and says that she is a
Special Agent with the Drug Enforcement Administration ("DEA") and
charges as follows:

                              COUNT ONE

     1.   On or about July 24, 2014, in the Southern District of
New York and elsewhere, ABRAHAM PINA-URENA, JUAN LEBRON-LUCIANO,
and JUAN QUINTERO, the defendants, and others known and unknown,
intentionally and knowingly did combine, conspire, confederate, and
agree together and with each other to violate the narcotics laws of
the United States.

     2.   It was a part and an object of the conspiracy that
ABRAHAM PINA-URENA, JUAN LEBRON-LUCIANO, and JUAN QUINTERO, the
defendants, and others known and unknown, would and did
distribute and possess with intent to distribute a controlled
substance, in violation of 21 U.S.C. § 841(a)(1).

     3.   The controlled substance that ABRAHAM PINA-URENA, JUAN
LEBRON-LUCIANO, and JUAN QUINTERO, the defendants, conspired to
distribute and possess with the intent to distribute was one
kilogram and more of mixtures and substances containing a

detectable amount of heroin, in violation of 21 U.S.C.
§ 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for deponent's knowledge and for the foregoing charges are, in part, as follows:

4.    I am a Special Agent with the DEA and am one of the law enforcement agents with primary responsibility for this investigation.   This affidavit is based upon my own observations, my conversations with other law enforcement agents and others, and my examination of reports and records.   Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.   Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5.    From my conversations with other law enforcement agents, I have learned, among other things, that, in connection with this investigation, agents were informed by a confidential source ("CS-1")[1], in sum and substance, that on or about a particular date, ABRAHAM PINA-URENA, the defendant, was planning on taking delivery of a quantity of heroin.

6.    From my participation in this investigation and my discussions with other law enforcement agents, I have learned, among other things, that:

a.    On or about the evening of July 24, 2014, law enforcement agents conducted surveillance of ABRAHAM PINA-URENA, the defendant, at various locations in Queens and Brooklyn, New York.   In the evening hours of July 24, 2014, agents observed PINA-URENA enter the back seat of a navy blue Jeep (the "Vehicle") in Queens, New York.   A second individual, later identified as JUAN LEBRON-LUCIANO, the defendant, was also observed sitting in the back seat of the Vehicle, next to PINA-URENA.

b.    Law enforcement agents followed the Vehicle as it passed through Manhattan and the Holland Tunnel to a truck stop in northern New Jersey (the "Truck Stop").

---

[1] CS-1 is providing information and assistance to law enforcement in exchange for monetary compensation.   Information provided by CS-1 has proven to be reliable and has been corroborated by independent evidence including consensual recordings, surveillance, and numerous arrests and seizures.

        c.    At the Truck Stop, an individual later identified as JUAN QUINTERO, the defendant, was observed approaching the Vehicle with a black backpack (the "Backpack"). QUINTERO subsequently entered the front passenger seat of the Vehicle with the Backpack. The Vehicle then drove to a diner located within the Truck Stop (the "Diner").

        d.    Shortly thereafter, PINA-URENA, LEBRON-LUCIANO, and QUINTERO, among others, entered the Diner, where they remained for approximately 20 minutes. PINA-URENA and LEBRON-LUCIANO were then observed returning to the Vehicle and departing the Truck Stop. QUINTERO was observed walking from the Diner to a truck parked at the Truck Stop.

        e.    After the Vehicle left the Truck Stop, law enforcement officers followed the Vehicle and activated the lights and sirens of their unmarked cars. The Vehicle pulled over to the side of the road, and PINA-URENA and LEBRON-LUCIANO were placed under arrest. At that time, officers observed the Backpack sitting on top of other items in the trunk of the Vehicle, which was open to the back seat. After searching the Backpack, agents found ten rectangular-shaped packages containing a substance wrapped in black paper and plastic.

    7.    I conducted a field test of a beige powdery substance found inside the packages described in paragraph 6(e) and the substance tested positive for heroin. The heroin, including packaging, was found to weigh over ten kilograms.

3

WHEREFORE, deponent respectfully requests that ABRAHAM PINA-URENA, JUAN LEBRON-LUCIANO, and JUAN QUINTERO, the defendants, be imprisoned or bailed, as the case may be.


_____
Jola Lech
Special Agent
Drug Enforcement Administration

Sworn to before me this
25th day of July 2014


_____
THE HONORABLE JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4